**IN THE COURT OF APPEALS OF IOWA**

No. 21-1978
Filed March 2, 2022


**IN THE INTEREST OF N.N.,**
**Minor Child,**

**J.N., Father,**
     Appellant,

**M.N., Mother,**
     Appellant.
_____


     Appeal from the Iowa District Court for Hancock County, Karen Kaufman

Salic, District Associate Judge.


     A mother and father separately appeal the termination of their respective

parental rights.  **AFFIRMED ON BOTH APPEALS.**


     Carrie J. Rodriguez, Garner, for appellant father.

     Cameron M. Sprecher of Sprecher Law Office, PLC, Mason City, for

appellant mother.

     Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

     David A. Grooters of Pappajohn, Shriver, Eide & Nielsen P.C., Mason City,

attorney and guardian ad litem for minor child.


     Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A mother and father separately appeal the termination of their respective parental rights to their child, N.N., born in 2016. The mother challenges the statutory grounds authorizing termination. She also requests a six month extension to achieve reunification. And both parents ask us to apply a permissive exception to termination. We affirm on both appeals.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

We begin with the mother's claim that the State failed to prove statutory grounds authorizing termination. The juvenile court found the State had proven grounds for termination under Iowa Code section 232.116(1)(f) and (*l*) (2021). When a juvenile court terminates under multiple statutory grounds, we may affirm

on any ground raised and satisfied below. *In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (citation omitted). On appeal, the mother only challenges the court's finding of grounds for termination under paragraph (f).[1] Her failure to challenge termination under paragraph (*l*) waives any claim of error on that ground. *In re K.K.*, No. 16-0151, 2016 WL 1129330, at *1 (Iowa Ct. App. Mar. 23, 2016) (citations omitted). Accordingly, we affirm the juvenile court's conclusion that termination is appropriate under paragraph (*l*).

The mother also argues the juvenile court should have granted a six-month extension before termination. *See* Iowa Code §§ 232.104(2)(b), .117(5). But the mother did not raise this argument before the juvenile court. So this claim is not preserved for our review. *In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. Jun. 11, 2014) ("As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal." (citation omitted)).[2]

---

[1] Although it not necessary to our disposition, we mention that the mother has not raised a meritorious argument concerning Iowa Code section 232.116(1)(f). She challenges only the fourth element—whether the child could be returned to her at the time of the termination hearing. Iowa Code § 232.116(1)(f)(4). But at the time of the termination hearing, the mother was in the hospital. She was unable to care for herself. She could not have cared for the child.

[2] Even if error had been preserved, we would not find an extension was appropriate. It is true the juvenile court *may* defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). Here, the record does not support such a finding. At the time of the December 2021 termination hearing, the mother was still hospitalized following a life-threatening car accident in July. She was hospitalized because of brain trauma. She could not care for herself. And, although she was making some progress, it was not clear if or when she would be able to care for herself. Additionally, in the eight months prior to her hospitalization, the mother had made minimal progress on the issues that had originally brought the child to the attention of the court, including the mother's

Lastly, both parents ask us to apply a section 232.116(3) exception to preclude termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parents. *See A.S.*, 906 N.W.2d at 476. Both parents reference paragraph (c), which authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

While we do not question whether the parents have a bond with the child, neither parent is qualified to care for the child. The father's substance abuse and criminal activities make him—in the words of the juvenile court—"not a safe person [to] be around this child." The mother has been debilitated by brain trauma she suffered in a life-threatening car accident. She cannot communicate. She cannot care for herself. While she has made some progress with physical tasks, the record provides no basis to conclude she will be able to care for the child at any identifiable time in the future. And we cannot wait indefinitely. The child has a pressing need for permanency.

Following our de novo review, and after thorough consideration of the unique circumstances of this case, we conclude termination would not be detrimental to the child. Rather, termination is in the child's best interest. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) ("[O]ur consideration must center on

---

sobriety. Given this record, we cannot say she would be able to care for herself in six months. Certainly, we cannot say she would able to care for the child in six months.

whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for ["the child]'s developing needs."). Accordingly, we decline to apply section 232.116(3)(c).

**AFFIRMED ON BOTH APPEALS.**